**UNION HOSPITAL SERVICE ASSOCIATION, In re.**

Ohio Appeals, Second District, Franklin County.

No. 3777.   Decided January 30, 1945.

Thomas J. Herbert, Attorney General, Perry L. Graham, Asst. Atty. Gen'l., of Counsel, Columbus, for appellant, Superintendent of Insurance.

Carrington T. Marshall, Columbus, Leland S. Dougan, Office of the Secretary of State, Columbus, for Union Hospital Service Assn., Appellee.

SHERICK, J., of the Fifth Appellate District, sitting by designation in place of Barnes, P. J.

### . OPINION

By SHERICK, J.

On July 19, 1943, the Superintendent of Insurance found that appellee was not entitled to the issuance of a license to do business in this state, and accordingly denied its application therefor.

The Superintendent in its 'finding and order' of that date, did find that applicant-appellee had filed and complied with the first seven requirements prescribed in §669-2 GC. His rejection is predicated upon the applicant's failure to comply promptly with the requirements of §669-1 GC, that appellee's directors had not as yet become members of an advisory committee of the hospital with whom it had contracted for service. The Commissioner further based his refusal on a finding that appellee's non-profit hospital service plan was not bona fide; that he was not satisfied that appellee's proposed contract between it and its subscribers was fair and reasonable; and that from the evidence submitted, he could not determine that its plan was established on a sound financial and actuarial basis.

Under and by virtue of §669-11 GC, the applicant appealed from this 'finding and order' to the Court of Common Pleas, and in accordance therewith filed a petition therein. Applicant's pleading proceeds at considerable length, and as a part thereof avers its compliance with the requirements of §669-2 GC, and recites the happenings before the Commissioner of Insurance. The Commissioner's answer, after reciting that he in no way consents to the exercising of jurisdiction over him by the Common Pleas Court, admits that applicant had complied with the first seven requirements of §669-2; avers that he had notified other like corporations who had qualified to do business in this state; that the hearing before him

was had and attended by certain named Hospital Service Corporations; and denies all other averments. By way of affirmative defenses the four reasons for denial of the application are set forth; and that the Court of Common Pleas has no jurisdiction of the subject matter of this action, inasmuch as no appeal was perfected within thirty days from the 'finding and order' appealed from.

The matter was tried before the Court upon the record made before the Commissioner, supplemented by oral testimony and certain exhibits, to wit, a resolution adopted by the board of trustees of the applicant's contracting hospital, appointing applicant, trustees, to the advisory committee of the hospital; and a schedule of proposed rates for service by the applicant to those who sought its benefits. All such documents are contained in the record presented to this Court. The Court of Common Pleas held that the applicant had fully complied with all requirements for the issuance of a license and that the Commissioner had erred in withholding it, and remanded the cause to the Commissioner of Insurance with instruction to issue the license requested. It is from this judgment that the Commissioner now appeals to this Court on questions of law.

As this Court sees it, three questions are presented, the first of which is a matter of jurisdiction of the Common Pleas Court over the subject matter; the second concerns what statute directs the manner of appeal herein; the third involves the power of the Common Pleas Court to make the order it did make. All three are so closely joined together that they are hardly separable without needless repetition. We shall make little effort to do so.

Appellee asserts that its appeal from the Commissioner's finding and order is under favor of §669-11 GC, 118 O. L. 157, as it existed prior to September 3, 1943, which reads in part, that:

"* * The action of the superintendent of insurance in * * refusing to grant * * such certificate of authority or license shall be subject to review by appeal to the court of common pleas of Franklin County, Ohio, provided such appeal shall be filed by an interested party within thirty days after such action by the superintendent * *. Said cause shall proceed as a new civil action, with the right of either party to submit evidence and to prosecute error and to appeal * *."

This section as it now reads, 120 O. L., 371, (effective date, September 3, 1943,) recites that the Commissioner's finding

shall be in writing and state the facts upon which it is based, and that a copy thereof shall be immediately mailed to the applicant; and that his action in refusing to grant a certificate "shall be subject to review in accordance with the provisions of the administrative procedure act"; and that §154-73 GC (effective date September 3, 1943,) in so far as it affects this action, provides that the forum for any such appeal shall be the Common Pleas Court of the County of the place of business or residence of the applicant. It requires that notice of appeal, containing the grounds thereof, shall be filed within fifteen days after notice of the agency's order, with both the agency and the Court; and that the applicant shall provide security for costs satisfactory to the Court. It further provides that the Court shall conduct a hearing, which "shall proceed as in the trial of a civil action, and the Court shall determine the rights of the parties in accordance with the statutes applicable to such actions. At such hearing counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the Court has granted a request for the presentation of additional evidence."

It is first noted that the superintendent's order bears date of July 19, 1943. The petition herein was filed on August 12, 1943. That is within twenty-three days after the order complained of. The statute then in force accorded thirty days. No place within the newly amended statute do we find that it was made applicable to pending matters. **Sec. 26 GC**, is controlling in such a case; and it ought not again be necessary to cite authority in support of the accepted rule of procedure that appeals are governed by such statutes as were in force at the time of entry of the order appealed from. Appellee herein now states that it made no attempt to follow the steps now prescribed by the recent amendment in perfecting its appeal. It was not required to do so. The real complaint of appellant seems to be with the then liberality of the Legislature as expressed in §669-11 GC, and in effect as to pending actions on July 19, 1943. It accorded a rejected applicant an appeal which was in fact a trial de novo.

Was the Common Pleas Court's judgment contrary to law, or unsupported by any evidence or against the weight thereof? It was pleaded, proved and admitted that the requirements of §669-2 GC had been complied with by the applicant. This section clearly sets forth all the requirements that may be properly denominated conditions precedent to the granting of a license. Appellant would have it that the applicant should fail in his quest because its contractee, hospital,

had not as yet designated the applicant's officers as members of its advisory committee. So reads §669-1 GC. Ought this to be done before a license shall issue? Clearly this was not the intent. Why should a contractee, hospital, place upon its advisory committee certain named applicant agents, when the agents' principal might eventually fail to procure a license to do business in this state? It ought to be evident that this provision of Section 669-1 sets up a requirement that must be complied with before a licensee may exercise the rights and privileges conferred upon it by the license which it has first acquired. But even if this is a primary prerequisite, as appellant claimed, the hospital's resolution, complying therewith, is now found within the evidence considered by the Common Pleas Court, as is also the schedule of proposed rates for service by the applicant to those who sought its benefits.

Appellant found and now defends upon the theory that appellee's non-profit hospital service plan was not bona fide, and that its proposed contract between it and its subscribers was not fair and reasonable. Yet, neither is there not one bit of evidence offered by the Commissioner indicative of the truth thereof, nor a single comment contained within appellant's brief pointing out wherein such is the fact. Mere averment is not proof of a fact, nor justification for withholding a right from one who otherwise is justly entitled thereto.

The appellant's fourth affirmative defense deserves even briefer comment in view of the specific requirement found in Section 669-2, which has been complied with, and which the Commissioner would enlarge and amend for administrative expediency.

The repetition found throughout appellant's brief, that the applicant's contractee, hospital, is but a small institution, is deserving of but a single comment in that our institutions are designed to secure and protect the rights of the weak, as well as the strong.

Appellant's principal claim of error is to the effect that the Common Pleas Court was without authority in law to enter judgment contrary to his 'finding and order', unless it be first found that he, as Superintendent of Insurance, had committed a gross abuse or discretion or acted illegally in refusing to issue the license. The trial Court found, under the facts before it, that the appellee was entitled to a license. We find no error therein.

As we have hereinbefore determined, §669-11 GC, as originally enacted (118 O. L., 157) was then in force, and was

the applicable statute govening applicant's appeal. It provided that "said cause shall proceed as a new civil action, with the right of either party to submit evidence". It was equivalent to the right of an appeal on law and fact as we now know it. It granted a trial de novo, wherein the trial Court might otherwise find contra to the judgment of the Commissioner of Insurance. Had present §§669-11 GC, (120 O. L., 371) and 154-73 GC, (120 O. L., 366) been applicable, a different situation might confront this Court, which we are not now called upon to answer.

The judgment is affirmed.

HORNBECK and GEIGER, JJ., concur.